# In re Incorporation of Summit Borough.

1. In a proceeding to incorporate a borough the certificate of the grand jury should set forth substantially, that after a full investigation of the case the jurors found, that the conditions prescribed by law have been complied with, and that they believe it is expedient to grant the prayer of the petitioners. A certificate, "Approved," simply, is not in conformity with the requirements of the Act of April 1st, 1834 (P. L., 163).

2. It need not appear in the petition praying for the incorporation of a borough, that it was signed by the petitioners within three months immediately preceding its presentation. The record, however, must show affirmatively that the requirement of the Act of June 2d, 1871 (P. L., 283,) has been complied with. If, however, the petition was signed as required by the Act that fact can be shown and be made a matter of record at any time before final decree.

October 12th, 1886. Before GORDON, TRUNKEY, STER-
RETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON,
J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace
of *Cambria county:* Of October Term 1886, No. 50.

This was an application for the incorporation of the Borough
of Summit.

The record showed the following:

On September 7th, 1885, petition was filed.

On September 9th the court referred the same to the grand
jury; on the same day they made the following return: "Ap-
proved, J. W. Wonders, Foreman."

To this exceptions were filed which were overruled by the
court, JOHNSTON, P. J., and a decree entered incorporating
the borough. The exceptants thereupon took the writ and
filed the following assignments of error.

1. The court erred in overruling the second additional ex-
ception, filed in the court below, and in confirming said pro-
ceedings, which exception is as follows, to wit: "The grand
jury did not find in their return that they had made a full in-
vestigation as to the compliance with the Act of Assembly,
and that it was expedient to incorporate the village or land
embraced in the petition into a borough as required by law."

2. The court erred in overruling the third exception filed to
the confirmation of the proceedings and in decreeing the erec-
tion of said borough, which exception is as follows, to wit:
" The proceedings are erroneous and illegal because no draft
accompanies the proposed new borough, where the shape and
dimensions of the remainder of the township from which the
same was taken can be seen and considered by the court."

3. The court erred in overruling the third additional excep-
tion filed, and in confirming said proceedings absolutely, which
exception is as follows, to wit: " The proceedings are errone-
ous and void because they do not set forth that the petition
was signed within three months next preceding the presenta-
tion of the same."

4. The court erred in overruling the fourth additional ex-
ception filed in the court below, and in confirming said pro-
ceedings, which exception is as follows, to wit: " The pro-
ceedings are erroneous because they do not show that said
territory contains a collocation of houses collocated after a
regular plan in regard to streets and alleys, the draft showing
that the said territory is over two miles in length and of an
average width of more than one fourth of a mile, and that
there are but forty-five voters in the limits thereof."

5. The court erred in overruling the second exception filed
in the court below, and in creating the said borough, which

exception is as follows, to wit: "The said proceedings are void and illegal because the territory embraced within the limits proposed for the said borough embraces tracts of wood land and fields under fence and in cultivation, not proper to be incorporated into a borough within the meaning of the Act of Assembly."

6. The court erred in overruling the fourth exception filed in the court below, and confirming the proceedings, and in erecting the said borough, which exception is as follows, to wit: "The proceedings are unjust and oppressive upon the remainder of the people of the township of Washington, from which the same is taken, for the reason that the proposed new borough extends almost entirely across the township, thus cutting off the upper end of the township and thereby disarranging the school districts, necessitating the erection of new school houses, and rendering it expensive and inconvenient to the people of the balance of the township in all business relating to the township."

7. The court erred in overruling the fifth exception filed in the court below, and in confirming said proceedings, which exception is as follows, to wit: "The proceedings are illegal and void because there were not twenty freeholders who signed the petition for the same and who adhered to and desired the erection of said borough."

The following by leave of court was filed at bar:—

8. The proceedings are erroneous and void because no sufficient and correct draft of the proposed borough accompanied the proceedings required by the Act of Assembly; the draft annexed to the record not describing the land embraced in the petition, but contains an additional course and distance not in the petition, to wit: the course N. $14\frac{1}{2}$ E. 80 perches; and the course N. 85 E.

*Samuel S. Blair* and *George M. Reade*, for plaintiffs in error.

*A. V. Barker* (*Hampton & Dalzelle* with him), for defendants in error.

Mr. Justice CLARK delivered the opinion of the court, November 1st, 1886.

By the first section of the Act of 1st April, 1834, the several courts of Quarter Sessions of the Commonwealth have power "by and with the concurrence of the grand jury of the county to incorporate any town or village within their respective jurisdiction."

On the 7th September, 1885, an application was made in

the court of Quarter Sessions of Cambria county, for the incorporation of the " Borough of Summit." Such proceedings were subsequently had thereon, that on the 13th of January, 1886, a decree was entered, in conformity with the prayer of the petitioners, declaring the Borough of Summit incorporate, according to law, and to the proceedings resulting in that decree this writ of certiorari was taken.

The only errors assigned upon this record, which have been discussed by counsel, are the first, second, third, and the eighth, which was filed at the argument. The remaining assignments are either unsupported by the record before us, or relate to matters which were properly within the discretion of the court below, and are therefore wholly without merit; as however they appear to have been abandoned, it is unnecessary for us to consider them.

The main contention is, that the decree of the Quarter Sessions cannot be sustained, in consequence of the defective character of the certificate of the grand jury. The third section of the Act of 1834, Purd. Dig., 165, pl. 3, provides that " the court shall cause the aforesaid application to be laid before the grand jury, when in session, and if a majority of the said grand jury, after a full investigation of the case, shall find that the conditions prescribed by this Act have been complied with, and shall believe that it is expedient to grant the prayer of the petitioners, they shall certify the same to the court, which certificate shall be entered of record, and no further proceedings shall be had until the succeeding term of the said court, at which term the judgment of the grand jury may be confirmed," &c. The Act of June 2d, 1871, Purd. Dig., 166, pl. 13, provides, that the application shall be laid before the grand jury at the same term of court when presented, and in no case later than the next subsequent term, and shall be signed by the petitioners within three months immediately preceding its presentation to the court.

At the same term at which this application was made, it was laid before the grand jury of the proper county, which tribunal returned it to the court with this indorsement: " Approved, J. W. Wonders, Foreman," and it is upon this certificate of the grand jury that the decree of incorporation is founded.

It has been suggested that this is in conformity with the general practice throughout the commonwealth. We believe that this form of certificate has been recognized as a proper one in some of the counties of the state, but a reference to the cases brought into this court will not justify the statement that such has been the general practice. If the practice, in this respect, has not been uniform it should be; it is impor-

[In re Summit Borough.]

tant, therefore, that the purpose of the statute should be ascertained, in order that the same form of procedure may be observed throughout the state.

It is clear that the power of the Quarter Sessions is to be exercised " with the concurrence of the grand jury ; " the same discretion is to be exercised by both. The grand jury must enter into a " full investigation " of the case, not only so, they must certify to the court the result of that investigation, not with the particularity of a special verdict, perhaps, but at least in the general terms of the statute. If they find that the conditions prescribed by the statute have been complied with, and believe that it is expedient to grant the prayer of the petitioners, it is their duty to certify to this effect in proper form to the court, in order that at the succeeding term, if the court shall be of the same opinion, " the judgment of the grand jury may be affirmed ; " " but if the court shall deem further investigation necessary, they may take such order thereon as to right and justice shall appertain."

The word " approved," it must be conceded, does not convey the full expression of the requirements of the statute. Although such a finding might fairly import that the project of incorporation met the approval of the jurors, it could not be understood to signify that the conditions prescribed by the statute had been complied with. We think such a practice is too loose, and that the public interests would be better subserved by adhering to the positive directions of the statute. The grand jury will thus have their attention called to the specific matters for investigation, and will more readily apprehend the true nature and extent of the inquiries which they are to make. The certificate of the grand jury, in such cases, should set forth, substantially, that, after a full investigation of the case, the jurors find that the conditions prescribed by law have been complied with, and that they believe that it is expedient to grant the prayer of the petitioners.

The second assignment is without merit ; the record shows that the application was in point of fact accompanied by a plot or draft particularly descriptive of the boundaries of the proposed borough, and exhibiting the courses and distances of the lines, as required by law.

Nor can the third assignment of error be sustained. The petitioners could not know in advance when the petition would be presented to the court : they could not, therefore, set forth the fact that their names were signed within three months immediately preceding its presentation. This is not one of the conditions presented by the Act of 1834 ; but the record must show affirmatively that this requirement of the Act of 1871, has been complied with. If, however, as we said In re La

[Curry v. Curry.]

Plume Borough, 34 Pitts. Leg. Jour., 59, the petition was signed as required by the Act, the fact can undoubtedly be shown, and be made matter of record at any time before final decree.

It appears, as set forth in the eighth assignment, that an error exists in the petition and decree; the description of the boundaries there given is at variance with the draft or plot on file. The proper distance of the sixth boundary line and the bearing of the seventh are omitted. This is manifestly a mere blunder, and might perhaps, upon a proper showing, be amendable here, but as the decree must be reversed on other grounds, this correction may be made elsewhere.

> For the reasons stated the decree of the Quarter Sessions is reversed, and the proceedings are set aside.