## Turtle Creek Borough.

*Boroughs—Change of name—Practice, Q. S.*

An order of the Court of Quarter Sessions quashing proceedings to change the name of a borough, will be affirmed, where it appears that the record failed to disclose when the petition for the change was signed; that the publication of the notice was after the presentation of the petition and not before; and that the return of the grand jury did not show the necessary jurisdictional facts; and this is the case whether the proceedings to change the name were instituted before or after the passage of the general borough code of May 14, 1915, P. L. 312.

Argued May 4, 1916.   Appeal, No. 115, April T., 1916, Joseph Schmidt, et al., from order of Q. S., Allegheny Co., June T., 1915, No. 8, quashing proceedings In re Petition for Change of Name of the Borough of Turtle Creek.   Before ORLADY, P. J., HENDERSON, TREXLER, KEPHART and WILLIAMS, JJ.   Affirmed.

Petition for change of name of a borough.   Before CARPENTER, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order quashing the proceedings.

*S. M. Cunningham*, with him *A. M. Thompson*, cited: Bedford v. Shilling, 4 S. & R. 400; Bechtol v. Cobaugh,

48, (1916).]      Arguments—Opinion of the Court.
10 S. & R. 120; Kittanning Bor. v. Western Union Tele-
graph Co., 26 Pa. Superior Ct. 346.

*Miles H. England,* with him *John J. Jackson, George
B. Gordon, Wm. Watson Smith,* cited: In re Summit
Borough, 114 Pa. 362; Versailles Borough, 159 Pa. 43;
Osborne Borough, 101 Pa. 284.

OPINION BY WILLIAMS, J., October 9, 1916:

This was a proceeding to change the name of a bor-
ough.   A petition, dated March 25, 1915, signed by two-
thirds of the taxables thereof, was presented June 17,
1915, to the Court of Quarter Sessions, when an order
was made directing publication of notice for thirty days.
September 11, 1915, proof of the publication was filed,
when the court directed inquiry to be made by the grand
jury.   This hearing was had October 11, 1915, on the
petition together with the petitions of two other bor-
oughs, each asking for the same name.   The same day
the grand jury reported as follows: "And now, to wit,
October 11th, 1915, we, the grand jury do concur in the
petition in the above entitled case and do recommend
that the corporate name of the said borough be changed
to the Borough of Westinghouse."   Exceptions were
filed that it would be inexpedient to change only the
name of the Borough of Turtle Creek.   The court, after
hearing, quashed the proceedings on the ground that the
statutory requirements had not been complied with and
that the record was, therefore, not self-sustaining.   From
this order we have the present appeal.

The law relating to boroughs is statutory.   The Act
of April 1, 1834, P. L. 163, provides in the fourth section
that the Court of Quarter Sessions shall have power
with the concurrence of the grand jury upon the appli-
cation of two-thirds of the taxable inhabitants of any
borough to annul or alter the charter of the same; and
similar proceedings shall be had upon such application
as in the case of incorporating a borough.   Section 2 re-

quires the petition to be in writing.    Section 3 requires the petition to be laid before the grand jury when in session, and if the majority of the grand jury after a full investigation shall find that the conditions prescribed by the act have been complied with and believe that it is expedient to grant the prayer they shall certify the same to the court, and at the succeeding term the judgment of the grand jury may be confirmed.

The Act of June 2, 1871, Section 1, provides that the petition shall be signed within three months of its presentation, be laid before the grand jury and public notice shall be given at least thirty days immediately before the presentation of the petition.

The Act of June 26, 1895, P. L. 389, Section 2, repeals the Act of June 2, 1871, so far as it relates to the incorporation of a borough (but not as it relates to the alteration of a charter).

This was the law when the petition was presented. On May 14, 1915, the general borough code was adopted repealing the acts cited above, which code was to take effect July 1, 1915.    Section 3, of Article I, of this code, provides: "The provisions of this act so far as they are the same as those of existing laws are intended as a continuation of such laws and not as new enactments." Chapter II, Article V, Sections 1, 2 and 3 reenact the same provisions as are contained in the acts cited above; so that whether we view the proceedings as being brought under the provisions of the law as it stood prior to the Act of May 14, 1915, P. L. 312, or as being brought under that act, the result is the same.

The order of the court below is sustained because the time when the petition was signed does not appear in the record; because the publication of the notice was after the presentation of the petition and not before; and because, under the ruling of In re Summit Borough, 114 Pa. 362, the return of the grand jury did not show the necessary jurisdictional facts.

The assignments of error are overruled and the appeal is dismissed.